PETERS v. DELAWARE & H. CO.

(Circuit Court of Appeals, Third Circuit. June 4, 1918.)

No. 2363.

MASTER AND SERVANT ⊙═289(23)—ACTION FOR INJURY TO SERVANT—CONTRIB-
  UTORY NEGLIGENCE.

    Whether a freight conductor required by the rules to inspect brakes "as
frequently as possible," and who was injured while setting the brake
on a car being switched by the breaking of the stem, was chargeable with
contributory negligence, *held*, on the evidence, a question for the jury.

In Error to the District Court of the United States for the Middle
District of Pennsylvania; Chas. B. Witmer, Judge.

Action at law by Henry N. Peters against the Delaware & Hudson
Company. Judgment for plaintiff, and defendant brings error. Af-
firmed.

James H. Torrey and W. J. Torrey, both of Scranton, Pa., for plain-
tiff in error.

E. A. De Laney, W. J. Fitzgerald, and Joseph O'Brien, all of Scran-
ton, Pa., for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit
Judges.

BUFFINGTON, Circuit Judge. Henry N. Peters, a citizen of
Pennsylvania and a conductor employed by the defendant, a corpora-
tion of New York, brought suit against that company, to recover dam-
ages for injuries sustained by him while employed by the defendant,
through the latter's alleged negligence. On the trial the defendant
company asked for binding instructions in its favor, on the ground
that plaintiff was guilty of contributory negligence. This request the
court refused, and submitted the question of such contributory neg-
ligence, and as well also the defendant's negligence, to the jury. The
jury having found for plaintiff, the defendant, on entry of judgment
thereon, sued out this writ, and assigned for error the court's refus-
al to give binding instructions.

The plaintiff was, at the time of the accident, the conductor of a
freight train engaged in switching cars into and out of colliery switches,
between the defendant's Carbondale yard and the Jermyn transfer.
Among the seven or eight cars of his train at the time of the accident
was a gondola car. The engineer gave this detached car a kick to
push it into a switch, and Peters mounted such moving car and at-
tempted to use the brake; but the brake stem broke and he was thrown
to the ground and received the injuries complained of. The alleged
negligence of the railroad was its failure to inspect the brake, and as
there was evidence tending to sustain this charge of negligence, and
the jury found that issue against the defendant, the verdict must stand,
unless the evidence disclosed some defense of bar which constrained
the court to give binding instructions for the defendant. This bar,

⊙═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the defendant contends, was the contributory negligence of the plaintiff, and consisted in Peters' failure to himself inspect the brake at and immediately before the accident, which inspection the defendant alleges Peters, as conductor of the train, was, under rule 707 of the railroad, bound to make.[1] That contributory negligence of a plaintiff is an affirmative defense, which a defendant must prove, and that it is, when the facts are in issue, a question for the jury, are principles settled by many decisions. When, however, the contributory negligence of plaintiff is clear under the proof, it is the duty of a trial judge to so hold as a matter of law. It follows, therefore, that the question before us, as it was before the court below, is whether Peters' contributory negligence was, under the proofs, so clear that the trial judge would and should adjudge it as a matter of law.

Whether this rule 707 applied at all to a situation like the one here involved is a question not before us, and therefore not decided. It suffices to say the court below held the rule was applicable, and that it applied to the time when the brake was being put into use by Peters. The defendant, therefore, had the benefit of the rule it contended for, and the plaintiff makes no complaint that the rule was so applied; but, lest our silence might be misconstrued, it is proper to say that substantial contention may be made that the rule had no application to the situation here involved, namely, where Peters' duty required him to climb on a moving, detached car and hurriedly apply its brake. Obviously, the general purpose of that rule, inter alia, was to require a freight conductor to take certain preliminary precautions when he took charge of his train and before starting. For example, he was "to report for duty at the appointed time, with his trainmen." He was "to assist in making up his train when necessary." It was made his duty to "see that the engine and train are provided with full sets of signals." He was required to "see that the couplings and brakes are in good order." And in addition to all these things—which were to be done before starting the train—the rule imposed upon him the further duty "to inspect them as frequently as possible."

Now, while the evidence is not very satisfactory as to when and where this particular car came into the train, it would seem that it was not a part of the train made up before starting, but it was picked up at a siding. It further appears that it stood on such siding at grade, and its brake was holding it on grade, and was seemingly in working order. Such being the proof, the course the trial took was to treat the duty of inspection imposed upon Peters by the rule as of the time of the accident, or, as expressed in the point asking binding instructions,

[1] The pertinent parts of rule 707 are: "*Freight Conductors.* * * * He must report for duty at the appointed time with his trainmen; assist in making up his train when necessary; see that he has the proper waybills for the cars to be moved; see that the engine and train are provided with full sets of signals; see that the *couplings and brakes are in good order* before starting, and inspect them as frequently as opportunity permits; see that the trainmen occupy their proper places on the train, handle freight with care, using every effort to prevent loss or damage, keep the car doors fastened, except when loading or unloading, and not permit unauthorized persons to enter the cars or handle freight or ride upon the train."

the refusal of which is assigned for error, "at and immediately before the accident to plaintiff." It will thus appear that both court and counsel regarded the time of the accident as the time when Peters should have inspected. What the court charged—and to this charging no objection was made—was:

"Under the rules of the company, as well as under the law, the plaintiff was required to make such reasonable observation of the car and brake, with which he had to do, as the circumstances of the occasion would admit. Though he had the right to presume that the company had done its duty and made proper inspection, and placed into his hands cars equipped with reasonable safe appliances, nevertheless he was also bound to use his senses to guard against danger. Did he did so in his attempt to set this brake, or could he by the use of due care and observation of the brake before him, having in mind his duties as a conductor and trainman, the manner in which he approached and applied the brake, have detected for himself this defect in the brake shaft, if you conclude that the same was open and visible to inspection. If he could, and you conclude that he did not act as a reasonably prudent man would under the circumstances in the use of this brake, and believe that he might have avoided the accident by the exercise of due care, he is guilty of contributory negligence, and your verdict should be for the defendant."

From the above, taken in consideration with the proofs, it is clear that, if any question of contributory negligence on the part of Peters was involved in the case, the determination of that question was not one for the court, but could only be passed on by the jury, and, as the form of that submission was not questioned, we see no reason to interfere with the judgment entered on the verdict, which, as we have seen, established the negligence of the company.

Such judgment is therefore affirmed.

⬧For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes